**Affirmed as Modified; Opinion Filed August 2, 2019.**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00786-CR

**ROY GUTIERREZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F-1800091-K**

## MEMORANDUM OPINION
Before Justices Bridges, Brown, and Nowell
Opinion by Justice Nowell

Roy Gutierrez appeals his conviction for aggravated sexual assault. After the jury found him guilty, Gutierrez pleaded true to a single enhancement paragraph, and the jury assessed punishment at life in prison. In three issues, Gutierrez argues the trial court abused its discretion by overruling his motions for mistrial regarding allegedly improper questions during punishment testimony and his motion to suppress his comments to a police officer after he requested a lawyer. The State brings a cross-point arguing the judgment should be modified in several respects. We conclude the trial court did not abuse its discretion in the challenged rulings and that the judgment should be modified as requested. We modify the trial court's judgment and affirm as modified.

### BACKGROUND

The complainant, J.H., went to a bar in Deep Ellum where her friend, Christian Belew, was

working as a photographer. When she arrived, Belew noticed that J.H. was very intoxicated and belligerent. He knew she was a heavy drinker and used Xanax, but he had never seen her that intoxicated before. Belew tried to get J.H. to sit in a chair near the stage while he worked, but she fell off the chair. He helped her to her feet and they went outside. Belew twice called for an Uber driver to take her home, but J.H. refused to leave. After about twenty minutes trying to get J.H. to go home, Belew went back inside the bar to finish his work, leaving J.H. outside.

Multiple surveillance cameras in the area recorded appellant with J.H. after Belew went back inside the bar. J.H. testified she did not remember Belew taking her outside because she blacked out. When she awoke, she did not know where she was, but appellant had her pinned to the ground. She tried to yell and get away, but he choked her and told her to be quiet. He then penetrated her vagina with his penis without her consent and forced her to perform oral sex on him. J.H. tried to text her father and brother for help, but appellant noticed, grabbed her phone, and threw it away. J.H. eventually managed to break free and climb over a nearby fence. Jazmon McTear saw J.H. yelling for help and called 911. An ambulance transported J.H. to the hospital for treatment and a sexual assault examination.

The police located the crime scene using the GPS function on J.H.'s phone. They recovered her shoe, phone, wallet, and lip gloss.

Appellant was eventually arrested for the offense. The arresting officers took him to the police department where Detective Allan Holmes interviewed appellant about the events that evening. Holmes also executed a search warrant for appellant's DNA. Forensic testing was performed on the evidence, including the DNA collected from J.H. and appellant.

At trial, the State offered a redacted copy of appellant's recorded interview with Holmes. Appellant moved to suppress the evidence claiming he had earlier invoked his right to counsel when he was first arrested. The trial court denied the motion and admitted the redacted recording.

The jury found appellant guilty of aggravated sexual assault.

Appellant pleaded true to a single enhancement paragraph alleging he was previously convicted of aggravated assault. During the punishment phase of trial, the State presented evidence of three other sexual assaults committed by appellant against other individuals. Holmes testified about his knowledge of a string of extraneous sexual assaults in the Deep Ellum area, which included the three victims who testified at trial. Appellant twice moved for a mistrial during Holmes's testimony. The trial court denied both motions. The jury assessed punishment at life in prison.

## DISCUSSION

### A. Denial of Motions for Mistrial

In his first and second issues, appellant argues the trial court erred by overruling his motions for mistrial regarding Holmes's testimony at the punishment phase.

We review a trial court's ruling on a motion for mistrial for an abuse of discretion and will uphold the ruling if it was within the zone of reasonable disagreement. *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010). "Ordinarily, a prompt instruction to disregard will cure error associated with an improper question and answer." *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000). "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). "A mistrial is an appropriate remedy in 'extreme circumstances' for a narrow class of highly prejudicial and incurable errors." *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). Whether an error requires a mistrial is determined by the particular facts of the case. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). "A mistrial is required only when the improper question is clearly prejudicial to the defendant and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors." *Id.* In determining whether the trial court

abused its discretion in denying the mistrial, we consider the severity of the misconduct (prejudicial effect), any curative measures taken, and the certainty of conviction absent the misconduct. *Hawkins*, 15 S.W.3d at 77.

After three witnesses testified during the punishment phase about their sexual assaults, the State recalled Detective Holmes. In questioning Holmes about one of the sexual assaults, the prosecutor asked Holmes if the victim cooperated with police after the incident. Holmes testified the events occurred before he was working in the department and he did not know "exactly how that worked." When he was asked if he knew what happened to that case, appellant objected to hearsay and lack of personal knowledge. The trial court sustained the objection and instructed the jury to disregard, but denied appellant's request for a mistrial.

After establishing that Holmes was aware of other cases of sexual assault involving different victims, the following exchange occurred:

> PROSECUTOR: And in these cases, would you characterize them or at least the Dallas Police Department's opinion of the victims at that time as being vulnerable?
>
> DEFENSE: Your Honor, once, again, this is all hearsay. Everything that's involved in here is hearsay.
>
> THE COURT: Sustained.
>
> DEFENSE: Ask the jury to disregard.
>
> THE COURT: Disregard.
>
> DEFENSE: Motion for mistrial.
>
> THE COURT: Denied.

Appellant argues questioning Holmes about extraneous offenses of which he had no personal knowledge and about the Dallas Police Department's opinion of the extraneous offenses was so prejudicial the harm could not be cured by a mere instruction to disregard. We disagree.

The prejudicial effect of the questions asked of Holmes is minimal. He was simply asked about one case and what the department's opinion was of the victims in general. Neither question

was answered due to appellant's objection and the trial court's ruling and instruction to disregard. The jury had already heard the testimony of the three victims about their cases and Holmes's testimony about the prior treatment of sexual assault cases against certain types of victims by the Dallas Police Department. In addition, the trial court promptly instructed the jury to disregard the question after sustaining appellant's objections. We presume jurors followed the trial court's instructions and nothing in the record suggests otherwise. *See Coble*, 330 S.W.3d at 292. "The asking of an improper question will seldom call for a mistrial, because, in most cases, any harm can be cured by an instruction to disregard." *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000) (quoting *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)). Finally, the three victims gave detailed accounts of the sexual assaults against them. Evidence was presented that appellant was indicted for aggravated sexual assault against one of those victims, placed on deferred adjudication for a lesser included offense, and later adjudicated guilty of that offense. He pleaded true to that conviction in his plea to the enhancement paragraph. Given the evidence in the record, there is no indication that the jury was heavily influenced by the two questions asked of Holmes.

We conclude the trial court did not abuse its discretion by denying the motions for mistrial. We overrule appellant's first and second issues.

## B. Denial of Motion to Suppress

In his third issue, appellant argues the trial court erred by denying his motion to suppress his recorded interview with Holmes. He argues he invoked his right to counsel before his interview by his comments to the police officers who arrested him.

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard. *Brodnex v. State*, 485 S.W.3d 432, 436 (Tex. Crim. App. 2016). We review the trial court's factual findings for an abuse of discretion, but review the trial court's application of the

law to the facts de novo. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). We afford almost complete deference to the trial court's determination of historical facts, "especially if those are based on an assessment of credibility and demeanor." *Brodnex*, 485 S.W.3d at 436 (quoting *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010)). We give the same deference to the trial court's conclusions with respect to mixed questions of law and fact that turn on credibility or demeanor. *State v. Ortiz*, 382 S.W.3d 367, 372 (Tex. Crim. App. 2012). We review mixed questions of law and fact that do not turn on credibility and demeanor as well as purely legal questions de novo. *Brodnex*, 485 S.W.3d at 436. We will uphold the trial court's decision if it is correct under any applicable theory of law. *Id*. When, as in this case, the trial court does not make express findings of fact, we view the evidence in the light most favorable to the trial court's rulings, and will assume it made implicit findings that are supported by the record. *Turrubiate*, 399 S.W.3d at 150.

When a suspect asks for a lawyer, interrogation must cease until counsel has been provided or the suspect initiates further communication with the police. *Davis v. State*, 313 S.W.3d 317, 339 (Tex. Crim. App. 2010). To trigger law enforcement's duty to terminate the interrogation, a suspect's request for counsel must be clear, and the police are not required to attempt to clarify ambiguous remarks. *Id*. Whether a statement referring to a lawyer constitutes a clear request for counsel depends on the statement itself and the totality of the circumstances surrounding the statement. *Id*. The test is objective: whether the suspect "articulate[d] his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." *Id*. (quoting *State v. Gobert*, 275 S.W.3d 888, 892–93 (Tex. Crim. App. 2009)). If the accused's invocation of the right to counsel is clear, his responses to further questioning may not be used to cast doubt retrospectively on the clarity of his initial request. *Id*.

Holmes testified appellant was arrested by DART police and turned over to Dallas police for transport to Dallas Police Department headquarters. Holmes spoke with appellant at the police station and recorded the interview. At the beginning of the recording, Holmes read appellant his Miranda rights and asked if appellant would talk with him. Appellant said he would talk, but refused to sign the written Miranda warning. Holmes then interviewed appellant about the incident. Appellant never requested an attorney during the recorded interview. Holmes also testified that none of the officers who transferred appellant to the police station told him that appellant asked for an attorney.

Appellant's counsel told the trial court that appellant's request for an attorney was made to the officers who arrested him, not to Holmes. The trial court asked if those officers were available to testify. The prosecutor represented that he had spoken with each of the officers and they all said no statements were made. The trial court stated:

> THE COURT: So there's no statements made. There's no written statements from him. He doesn't make any. The first time he started talking to the police is here. He was asked if he wants to talk. He says, yes. It's on video. He says, I don't need to sign that because I'm a sovereign entity.

Appellant testified that he asked the two police officers escorting him to the police station if he could get his contacts out of his phone. When they refused, he said, "[S]o I can't make any phone calls at all, not even call an attorney?" Appellant said the officers again refused to allow him to make a call.

Based on the credibility and demeanor of the witnesses, the trial court could have disbelieved appellant's testimony in whole or in part that he made the statement to the escorting officers. *See State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000) (in a suppression hearing "the judge may believe or disbelieve all or any part of a witness's testimony, even if that testimony is not controverted"), *modified on other grounds by State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006). Holmes testified that none of the officers informed him that appellant had

–7–

requested an attorney. Holmes also testified that appellant agreed to speak with him after Holmes read the *Miranda* warnings, which is confirmed in the recording.

Even accepting that appellant made the statement to the police officers, appellant's statement about whether he could make a phone call, even to an attorney, was ambiguous. His statement merely confirmed he was not permitted to make a phone call at that time, "not even [to] call an attorney." The trial court could have reasonably concluded that the totality of the circumstances shows appellant was not clearly and unambiguously requesting counsel. Appellant's statement, both by the language used and viewed in the context of the totality of the circumstances, was not a clear and unambiguous assertion of the right to counsel. *See Davis*, 313 S.W.3d at 338–41 (defendant's statement during police interview, "I should have an attorney," did not expressly invoke right to counsel under circumstances presented). And, after specifically being advised of his right to have an attorney by Holmes, appellant never requested an attorney. We conclude the trial court did not abuse its discretion by denying the motion to suppress. We overrule appellant's third issue.

## C. Modification of the Judgment

In its cross-point, the State contends the judgment incorrectly reflects the appellant's plea and the finding on the enhancement paragraph and the statute for the offense. Appellant also notes these inaccuracies in the judgment. The State also contends the judgment does not correctly reflect the applicability of sex offender registration under chapter 62 of the code of criminal procedure. We agree the record shows the judgment is incorrect in these respects. We have the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information before us to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we sustain the State's cross-point.

**CONCLUSION**

We modify the trial court's judgment to reflect the statute for the offense is section 22.021 of the penal code, appellant's plea to the enhancement paragraph is true, the finding on the enhancement paragraph is true, and that sex offender registration requirements apply to appellant. We affirm the judgment as modified.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
180786F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROY GUTIERREZ, Appellant

No. 05-18-00786-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. F-1800091-K.
Opinion delivered by Justice Nowell.
Justices Bridges and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

| Section to be modified | Replace existing text with: |
|---|---|
| Plea to 1st Enhancement Paragraph | True |
| Findings on 1st Enhancement Paragraph | True |
| Statute for Offense | 22.021 Penal Code |

We further Modify the judgment to state "Sex Offender Registration Requirements do apply to the Defendant. TEX. CODE CRIM. PROC. ANN. ch. 62."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 2nd day of August, 2019.